Smith, J,
The question submitted to us in this case is, whether the court erred in the charge given to the jury, or in refusing to charge as requested. The bill of exceptions does not contain any of the evidence given to the jury on the trial of the case, but only states that the
“Plaintiff offered evidence, and which was received by the jury, tending to prove each and all the matters stated in her petition and the allegations thereof, and that the defendant offered evidence tending to disprove all the matters and things so offered by the plaintiff which was not admitted by the defendant’s answer, and also to prove the matters stated in its answer. ’’
*267 The action was one brought by the plaintiff against the city of Hamilton, and one Barton, to recover against them damages for an injury alleged to have been sustained by her by the negligent and careless conduct of a servant of the two defendants in driving against a pile of logs, negligently and carelessly placed by said defendants in one of the streets of the city, thereby throwing one of said logs against her, by which she was without fault on her part, severely injured. Barton was never served with process, nor entered his appearance in the case, and the action proceeded against the city alone, and resulted in a verdict for the defendant.
The petition in the case was a very lengthy one, but I state the substance of it so far as it is necessary to do so. It avers that the city of Hamilton is a city of the third grade b, of the second class, and describes several streets therein, which have been public streets for more than fifty years, and that it was the duty of the city to cause the same to be kept open and free from nuisance. That on February 23, 1897, in pursuance of law, a contract was made between the city and B. D. Barton for the improvement of High Street, one of said streets; and much space is occupied with stating the terms of said contract. This is set out, we suppose, to show that under the contract Barton was not an independent contractor to do this work, and as a consequence, that the city was also liable for any injury which might have happened to plaintiff from the negligent conduct of those who were engaged in the repair of the street, though they may have been employed by Barton, and not by the city. But we may say that looking to the terms of the contract so far as they are set forth in the petition, we are of the opinion that the city did not by such contract retain the control and direction over the mode and manner of doing the work, so as to make it liable to answer for an injury-resulting from the negligence or misconduct of Barton, or *268 one of his employes, unless it was the result of a nuisance in the streets, or something of that kind which it was the duty of the city to abate. The petition however, after stating the terms of the contract between the city and Barton, alleges as follows:
“Plaintiff says that in doing all said work, and furnishing and handling all of said material required to be done by said contract, said Barton was under the control and direction of said board of commissioners of sewers and of the city engineer of the city of Hamilton.’’
We have said that we think this does not appear from the terms of the contract in so far as they are stated in the petition, and we suppose this allegation is to be taken as the meaning the pleader attaches to the contract. But if it is to be taken as more than this, and as an allegation of fact, we suppose that it is substantially an allegation of fact that Barton was not an independent contractor, and therefore, on the authority of Cincinnati v. Stone, 5th Ohio St., 38, the city must be liable for the negligent acts of those employed by Barton.
But the fact as to this seems immaterial, when we look to other allegations of the petition. In it are averments that the defendants having excavated the street to the depth of several feet for its repair, had negligently placed some cross ties at a street crossing, so that persons could go down from the side walk to the street for the purpose of crossing the same, and had not protected said ties from being struck by passing wagons; and then it is averred that the plaintiff being about to cross said street, by stepping on said ties to the street, stood on the curb of the pavement until a street car should get out of the road on the crossing, and
“Just then a wagon, loaded with asphalt block, belonging to and contracted by said defendants and drawn by two wild and unsafe horses, and driven by one William Taylor, acting under orders and control of defendants, drove northwards on the east side of Second Street, and suddenly and *269 without warning turned close up to said south east intersection of Second and High Streets, there being no stone there to prevent, and then eastward along High Street close to said curbing and against the west end of said railroad ties, causing one of them to fly up and strike her, causing the injury complained of. All of which conduct on the part of the defendants and the driver of said team,acting for and under the control of defendants, was wrongful, caieless and negligent.”
We think it clear that the negligence complained of was the driving of the wagon against the ties, causing one to fly up and strike plaintiff. This was the proximate cause of the accident, and the allegation is that Taylor was then the servant of both defendants, acting under their order and control, and that his conduct was careless, wrongful and negligent. If these allegations be true, (of which there is much doubt,' as in all probability Taylor was only the servant of Barton), why was the city not liable?
And yet the court in its charges to the jury, more than once makes the question of the liability of a master for an injury to another, brought about by the negligence of the servant, to depend on the fact whether there was negligence in employing him. If there was not — that is, if the master had reason to believe that he was a fit and suitable man for the business, that the master would not be liable for damages occasioned by the negligence of the servant, unless afterwards, and before the injury, the master had knowledge or notice that he was an unfit person for such employment.
For instance, this charge marked-No. 12 in the margin, was given and excepted to by the plaintiff:
“The court will say to you further that the city of Hamilton would not be liable for the acts of this driver, unless there was negligence in employing him. If he was known to be an ordinarily careful, prudent driver, used to horses and driving them, and those facts were known and understood by persons who employed him, neither they nor the *270 city would be liable for anything that may have happened in consequence of the driving, unless it was done through his negligence — unless the parties who employed him or the city who employed these parties had some knowledge of that fact. Otherwise it must be held to be an ordinary accident, an accident which ordinary human prudence could not have provided against.”
Millikin, Shotts & Millikin, Attorneys for Plaintiff in Error.
Mr. Jones, City Solicitor, contra.
This we think was manifestly wrong, and we know of no authority in support of it, The true rule, and the ground of it are stated in Wood on Master and Servant, sec’s. 277-8-9.
There are perhaps other technical objections to this charge as given, but it may be questioned whether they are so prejudicial as to require us to reverse the judgment on those grounds. The same objection, however, applies in less degree to the first exception taken to the charge of the court, and it is on these grounds that we feel compelled to reverse the judgment, and award a new trial to the plaintiff.